## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM HULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| WPX ENERGY, INC., KIMBERLY S. | ) | |
| LUBEL, JOHN A. CARRIG, KELT | ) | |
| KINDICK, ROBERT K. HERDMAN, | ) | |
| VALERIE M. WILLIAMS, KARL F. KURZ, | ) | |
| RICHARD E. MUNCRIEF, CLAY M. | ) | |
| GASPAR, D. MARTIN PHILLIPS, | ) | |
| DOUGLAS E. SWANSON, JR., DEVON | ) | |
| ENERGY CORPORATION, and EAST | ) | |
| MERGER SUB, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on September 28, 2020 (the "Proposed Transaction"), pursuant to which WPX Energy, Inc. ("WPX" or the "Company") will be acquired by Devon Energy Corporation ("Parent") and East Merger Sub, Inc. ("Merger Sub," and together with Parent, "Devon").

2.      On September 26, 2020, WPX's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Devon.  Pursuant to the terms of the Merger Agreement, WPX's stockholders will receive 0.5165 shares of Parent common stock for each share of WPX common stock they

own.

3.        On November 5, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.        The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.        This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.        This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.        Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.        Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of WPX common stock.

9.        Defendant WPX is a Delaware corporation and maintains its principal executive offices at 3500 One Williams Center, Tulsa, Oklahoma 74172.  WPX's common stock is traded

on the New York Stock Exchange under the ticker symbol "WPX."

10.     Defendant Kimberly S. Lubel is a director of the Company.

11.     Defendant John A. Carrig is a director of the Company.

12.     Defendant Kelt Kindick is a director of the Company.

13.     Defendant Robert K. Herdman is a director of the Company.

14.     Defendant Valerie M. Williams is a director of the Company.

15.     Defendant Karl F. Kurz is a director of the Company.

16.     Defendant Richard E. Muncrief is Chief Executive Officer and Chairman of the Board of the Company.

17.     Defendant Clay M. Gaspar is President, Chief Operating Officer, and a director of the Company.

18.     Defendant D. Martin Phillips is a director of the Company.

19.     Defendant Douglas E. Swanson, Jr. is a director of the Company.

20.     The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

21.     Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

22.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

23.     WPX is an independent energy producer with core positions in the Permian and Williston basins.

24.     The Company's production is approximately eighty percent oil/liquids and twenty percent natural gas.

25.     On September 26, 2020, WPX's Board caused the Company to enter into the Merger Agreement with Devon.

26.     Pursuant to the terms of the Merger Agreement, WPX's stockholders will receive 0.5165 shares of Parent common stock for each share of WPX common stock they own.

27.     According to the press release announcing the Proposed Transaction:

Devon Energy ("Devon") (NYSE: DVN) and WPX Energy ("WPX") (NYSE: WPX) today announced they have entered into an agreement to combine in an all-stock merger of equals transaction. . . .

TRANSACTION DETAILS

Under the terms of the agreement, WPX shareholders will receive a fixed exchange ratio of 0.5165 shares of Devon common stock for each share of WPX common stock owned. The exchange ratio, together with closing prices for Devon and WPX on Sept. 25, 2020, results in an enterprise value for the combined entity of approximately $12 billion.

Upon completion of the transaction, Devon shareholders will own approximately 57 percent of the combined company and WPX shareholders will own approximately 43 percent of the combined company on a fully diluted basis.

The transaction, which is expected to close in the first quarter of 2021, has been unanimously approved by the boards of directors of both companies. Funds managed by EnCap Investments L.P. own approximately 27 percent of the outstanding shares of WPX and have entered into a support agreement to vote in favor of the transaction. The closing of the transaction is subject to customary closing conditions, including approvals by Devon and WPX shareholders. . .

ADVISORS

J.P. Morgan Securities LLC is serving as financial advisor and Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal advisor to Devon. Citi is serving as financial advisor and Kirkland & Ellis LLP is serving as legal advisor to WPX. Vinson & Elkins LLP is serving as legal advisor to EnCap Investments L.P.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

28.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

29.     As set forth below, the Registration Statement omits material information.

30.     First, the Registration Statement omits material information regarding the Company's and Devon's financial projections.

31.     With respect to the Company's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA; (ii) projected free cash flows and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

32.     With respect to Devon's financial projections, the Registration Statement fails to disclose: (i) all line items used to calculate adjusted EBITDA; (ii) projected free cash flows and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

33.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

34.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Citigroup Global Markets Inc. ("Citi").

35.     With respect to Citi's Selected Public Companies Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

36.     With respect to Citi's Discounted Cash Flow Analysis for WPX, the Registration Statement fails to disclose: (i) the standalone unlevered free cash flows that WPX was forecasted

to generate during the fiscal years ending December 31, 2021 through December 31, 2025 used in the analysis and all underlying line items; (ii) WPX's net operating loss carryforwards expected by WPX's management during the forecast period; (iii) the terminal values; (iv) the estimated cash taxes used in the analysis; (v) the individual inputs and assumptions underlying the discount rates ranging from 7.7% to 8.5%; and (vi) Citi's basis for applying to WPX's fiscal year 2025 estimated adjusted EBITDA a selected range of adjusted EBITDA multiples of 3.9x to 5.3x.

37.     With respect to Citi's Discounted Cash Flow Analysis for Devon, the Registration Statement fails to disclose: (i) the standalone unlevered free cash flows that Devon was forecasted to generate during the fiscal years ending December 31, 2021 through December 31, 2025 used in the analysis and all underlying line items; (ii) Devon's net operating loss carryforwards during the forecast period as estimated by WPX's management; (iii) the terminal values; (iv) the estimated cash taxes used in the analysis; (v) the individual inputs and assumptions underlying the discount rates ranging from 7.8% to 8.8%; and (vi) Citi's basis for applying to Devon's fiscal year 2025 estimated adjusted EBITDA a selected range of adjusted EBITDA multiples of 3.9x to 5.3x.

38.     With respect to Citi's Net Asset Value Analysis for WPX, the Registration Statement fails to disclose: (i) the unlevered, after-tax free cash flows that WPX was forecasted to generate from WPX's proved developed producing reserves and currently undeveloped resources used in the analysis and all underlying line items; (ii) the projected midstream distributions of Catalyst Midstream Partners LLC to WPX during the fiscal years ending December 31, 2021 through December 31, 2025; (iii) Citi's basis for utilizing for the terminal value a terminal adjusted EBITDA multiple of 4.1x; (iv) WPX's estimated non-drilling and completion capital expenditures, corporate expenses, net hedge, and other gains and losses; (v) WPX's estimated net debt; (vi) the net operating loss carryforwards expected by WPX's management during the forecast period; and

6

(vii) the individual inputs and assumptions underlying the range of discount rates of 7.7% to 8.5%.

39.     With respect to Citi's Net Asset Value Analysis for Devon, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the range of discount rates of 7.8% to 8.8%; (ii) the unlevered, after-tax free cash flows that Devon was forecasted to generate from Devon's proved developed producing reserves and currently undeveloped resources used in the analysis and all underlying line items; (iii) Devon's estimated non-drilling and completion capital expenditures, corporate expenses, net hedge, and other gains and losses; (iv) Devon's estimated net debt; and (v) the net operating loss carryforwards expected by WPX's management during the forecast period.

40.     With respect to Citi's Illustrative Has/Gets Analysis, the Registration Statement fails to disclose the synergies used in the analysis.

41.     With respect to Citi's analyses of price targets, the Registration Statement fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources thereof.

42.     With respect to Citi's illustrative potential pro forma financial effect of the merger analyses, the Registration Statement fails to disclose: (i) WPX's and Devon's fiscal years 2021 and 2022 estimated cash flow per share ("CFPS") and estimated free cash flow per share ("FCFPS"); (ii) the potential synergies used in the analysis; (iii) the extent to which the Proposed Transaction could be accretive to WPX's fiscal years 2021 and 2022 estimated CFPS and estimated FCFPS, accretive to WPX's fiscal years 2021 and 2022 estimated FCFPS, and dilutive to WPX's fiscal years 2021 and 2022 estimated CFPS; and (iv) the extent to which the Proposed Transaction could be accretive to Devon's fiscal years 2021 and 2022 estimated CFPS and estimated FCFPS.

43.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

44.     Third, the Registration Statement fails to disclose the actual amount of compensation Citi will receive in connection with its engagement.

45.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

46.     Fourth, the Registration Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions, including the agreement executed with Company A.

47.     Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

48.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

49.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated
Thereunder Against the Individual Defendants and WPX**

50.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

51.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule

14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. WPX is liable as the issuer of these statements.

52.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

53.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

54.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

55.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

56.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

57.     Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act**
**Against the Individual Defendants and Devon**

58.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

59.     The Individual Defendants and Devon acted as controlling persons of WPX within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of WPX and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

60.     Each of the Individual Defendants and Devon was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

61.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

62.     Devon also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

63.     By virtue of the foregoing, the Individual Defendants and Devon violated Section 20(a) of the 1934 Act.

64.     As set forth above, the Individual Defendants and Devon had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 10, 2020                        **RIGRODSKY & LONG, P.A.**

                                        By:   */s/ Gina M. Serra*
                                              Seth D. Rigrodsky (#3147)
                                              Brian D. Long (#4347)
                                              Gina M. Serra (#5387)
                                              300 Delaware Avenue, Suite 210
                                              Wilmington, DE 19801
                                              Telephone: (302) 295-5310
                                              Facsimile: (302) 654-7530
                                              Email: sdr@rl-legal.com
                                              Email: bdl@rl-legal.com
                                              Email: gms@rl-legal.com

                                              *Attorneys for Plaintiff*

12